UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 07-214 (DWF/RLE) |
| | Civil No. 16-2219 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Ocie Pankey, | |
| Petitioner-Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Ocie Pankey's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. Nos. 52 & 64.) Specifically, the Petitioner-Defendant alleges that he should no longer be subject to the provisions of 18 U.S.C. § 924(e) because his three prior convictions for aggravated robbery do not survive *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government opposes the Petitioner-Defendant's motions, alleging that the three convictions remain valid because they do not implicate the residual clause. (Doc. Nos. 57 & 65.) Additionally, the Government alleges that because *Johnson* does not apply to the Petitioner-Defendant's case, that his one-year time period to bring his § 2255 petition has expired and that therefore his § 2255 petition is untimely pursuant to 28 U.S.C. § 2255(f).

# BACKGROUND

On December 11, 2007, the Petitioner-Defendant entered a plea of guilty to Count 1 of the Indictment, namely, Felon in Possession of a Firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Count 1 carried a mandatory minimum sentence of 15 years. The Petitioner-Defendant was sentenced on April 3, 2008, to a term of 180 months. The Petitioner-Defendant did not appeal his sentence.

The Petitioner-Defendant's three prior convictions for aggravated robbery were as follows:

- Aggravated robbery, committed on October 24, 1986, Ramsey County, Presentence Report ("PSR") ¶ 24, pursuant to M.S.A. §§ 609.245 and 609.11;
- Aggravated robbery, committed on October 17, 1986, Hennepin County, PSR ¶ 25, pursuant to M.S.A. §§ 609.245 and 609.11; and
- Aggravated robbery, committed on October 23, 1997, Dakota County, PSR ¶ 28, pursuant to M.S.A. §§ 609.245 and 609.11.

Guilty pleas were entered in each case. The Government has provided the criminal complaints and transcripts for each of the above pleas.

At the time of sentencing, as observed by the Government, the Petitioner-Defendant did not object to or otherwise dispute his criminal history as set forth in the PSR. (Doc. No. 40.)

**I.**     ***Johnson* Claim**

The Petitioner-Defendant asserts that his three prior convictions for aggravated robbery do not survive a *Johnson* challenge pursuant to the Armed Career Criminal Act ("ACCA"). The ACCA establishes enhancement sentencing for a felon in possession

case where a defendant has three previous convictions for a violent felony or serious drug offense, or both, committed on occasions different from another.

In June 2015, the United States Supreme Court held in *Johnson v. United States* that the residual clause of the ACCA was unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). The Supreme Court, however, did not strike any other provision of the ACCA. *See id.* at 2563. The Government asserts that even after *Johnson*, the Petitioner-Defendant continues to have three predicate offenses and is therefore subject to a sentencing enhancement under the ACCA.

### A. Aggravated robbery in the first degree

The two 1986 aggravated robbery convictions committed by the Petitioner-Defendant were under the following statute:

> Whoever, while committing a robbery, is armed with a dangerous weapon or inflicts bodily harm upon another is guilty of aggravated robbery and may be sentenced to imprisonment for not more than 20 years . . . .

Minn. Stat. § 609.245 (1986).

The third conviction, in 1987, was for aggravated robbery in the first degree. The statute then provided:

> Whoever, while committing a robbery, is armed with a dangerous weapon or any article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon, or inflicts bodily harm upon another, is guilty of aggravated robbery in the first degree and may be sentenced to imprisonment for not more than 20 years . . . .

Minn. Stat. § 609.245, subd. 1 (1997).

Admittedly, after *Johnson*, courts in our Circuit and in the District of Minnesota have disagreed whether aggravated robbery categorically qualifies as a predicate offense pursuant to the ACCA's force clause. *See, e.g.*, *Taylor*, 2017 WL 506253, at *5-7 (D. Minn. Jan. 2, 2017) (concluding that simple robbery is a predicate felony); *United States v. Townsend*, 2016 WL 7339202, at *3-4 (D. Minn. Dec. 19, 2016) (concluding that first-degree aggravated robbery is divisible, meaning that a conviction under the dangerous weapon clause is not an ACCA predicate offense while a conviction under the inflicting bodily harm clause is a predicate offense); *United States v. Pettis*, 2016 WL 5107035, at *3 & *5 (D. Minn. Sept. 19, 2016) (concluding that simple robbery is not a predicate felony under the ACCA and that first-degree aggravated robbery is divisible, meaning that a conviction under the dangerous weapon clause is not an ACCA predicate offense while a conviction under the inflicting bodily harm clause is an ACCA predicate offense); *United States v. Jones*, 2016 WL 4186929, at *4 (D. Minn. Aug. 8, 2016) (concluding that first-degree aggravated robbery is divisible, meaning that a conviction under the dangerous weapon clause is not an ACCA predicate offense while a conviction under the inflicting bodily harm clause is an ACCA predicate offense); *United States v. Crandall*, 2016 WL 3512137 (D. Minn. June 22, 2016) (concluding that both clauses of first-degree aggravated robbery qualify as ACCA predicate offenses).

Under Minnesota law, when a robber commits first degree aggravated robbery, he must necessarily commit an act of simple robbery. *See State v. Oksanen*, 149 N.W.2d 27, 29 (Minn. 1967) ("[O]ne must be guilty of simple robbery before one can be guilty of

aggravated robbery."). Simple robbery is a lesser-included offense to aggravated robbery in the first-degree. Similarly, in committing simple robbery, the robber must necessarily commit at least assault in the fifth degree. *State v. Stanifer*, 382 N.W.2d 213 (Minn. App. 1986). Assault in the fifth-degree (a misdemeanor) is a lesser-included offense to the felony of simple robbery. *Id.* Under Minnesota law, a person commits an assault in the fifth-degree if he either commits an act with intent to cause fear in another of immediate bodily harm or death, or intentionally inflicts or attempts to inflict bodily harm upon another person. M.S.A. § 609.224, subd. 1.

In a similar context, the Eighth Circuit concluded that felony convictions of the Minnesota domestic abuse statute[1]—which contains identical elements and definitions to those for assault in the fifth-degree—are predicate felonies pursuant to the force clause of the ACCA. *United States v. Schaffer*, 818 F.3d 796, 798-99 (8th Cir. 2016). In *Schaffer*, the defendant was convicted of a felony for committing an act against a family or household member with intent to cause fear in another of immediate bodily harm or death. *See id.* at 797. The Eighth Circuit held that such a conviction was a predicate felony under the ACCA. *Id.* at 798.

Further, the *Schaffer* case must be read in the context of *United States v. Lindsey*, 827 F.3d 733 (8th Cir. 2016) (decided two months later). In *Lindsay*, the defendant argued that his convictions for second-degree assault were not predicate felonies under

---

[1] Minn. Stat. § 609.2242.

the ACCA because under Minnesota's assault statute, "'assault-fear' felonies include assaults that lack a physical force element and 'assault-harm' felonies require only bodily harm, which can be inflicted without the use of physical force." *Id.* at 739. The Eighth Circuit rejected the defendant's argument and held that threatening the use of physical force also constitutes a predicate offense so long as the force threatened is violent physical force. *Id.* at 740.

In deciding whether a prior conviction qualifies as a predicate offense under the ACCA, the Court must first apply the categorical approach, which looks "only to the fact of conviction and the statutory definition of the prior offense." *United States v. Eason*, 829 F.3d 633, 640 (8th Cir. July 14, 2016). In applying that method, this Court concludes that a defendant cannot be convicted of first-degree aggravated robbery without using, attempting to use, or threatening to use physical force. Thus, both clauses of the Minnesota aggravated-robbery statute qualify as violent felonies because both have "as an element the use, attempted use, or threatened use of physical force." *See Lindsey*, 827 F.3d at 740. When a robber is in possession of a dangerous weapon or other article made to look like a dangerous weapon, it involves the use, attempted use, or threatened use of physical force.

Thus, Minnesota's aggravated robbery statute in its form in 1986 and Minnesota's first degree aggravated robbery statute in its form in 1997 categorically qualified as violent felonies pursuant to the ACCA's force clause.[2]

## II. Evidentiary Hearing

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Petitioner-Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Petitioner-Defendant's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## III. Certificate of Appealability

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).

---

[2] This Court made a similar ruling in its recent decision in *United States of America v. Spight*, No. CR 13-254, 2017 WL 947286, at *5 (D. Minn. Mar. 6, 2017).

The Court also concurs with *Taylor*, 2017 WL 506253, at *5-7, which held that simple robbery under Minnesota law is a violent felony for purposes of the ACCA.

The Court has considered whether the issuance of a COA is appropriate. *See Tiedeman v. Benson*, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). The Petitioner-Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

Based upon the presentations and the submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Petitioner-Defendant Ocie Pankey's *pro se* motions pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, (Doc. Nos. [52] & [64]), are respectfully **DENIED**.

2. Petitioner-Defendant Ocie Pankey's *pro se* motion for appointment of counsel, (Doc. No. [63]), is **DENIED AS MOOT**.

3. No evidentiary hearing is required in this matter.

4.	No Certificate of Appealability will be issued to the Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  March 16, 2017			s/Donovan W. Frank
					DONOVAN W. FRANK
					United States District Judge